IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CHARLES HAMILTON #M-36665** | § | |
| | § | |
| **V.** | § | **A-14-CA-260-LY** |
| | § | |
| **TEXAS DEPARTMENT OF PUBLIC** | § | |
| **SAFETY, STEVE McGRAW, AND** | § | |
| **STATE OF TEXAS** | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Western Illinois Correctional Center. Plaintiff alleges he was the subject of a traffic stop in Illinois on November 6, 2011. Plaintiff believes someone at the Texas Department of Public Safety ("DPS") communicated with the Illinois State Police ("ISP") at the time of his stop. Plaintiff is attempting to determine whether the DPS representative misinformed the ISP that Plaintiff had no valid driver's license or whether the ISP falsely determined "Hamilton had a Texas I.D. card, but no license." According to Plaintiff, his vehicle was subsequently searched and seized and he is now incarcerated

on criminal charges stemming from the traffic stop. He claims the defendants have violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the Constitution and the Freedom of Information Act.

Plaintiff sues the Texas Department of Public Safety, Steve McGraw (Director), and the State of Texas. He requests a copy, in triplicate, of the communique between the DPS and the ISP. He also requests costs and attorney's fees and that he be allowed to "amend his settlement demands" if the DPS refuses to cooperate or is found to have misled the ISP regarding Plaintiff's license. Plaintiff further indicates if DPS is found at fault he will seek a trial by jury and $50 million in damages. He finally requests this case not be counted as a strike pursuant to 28 U.S.C. § 1915(g).

## DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.     Eleventh Amendment Immunity

The Texas Department of Public Safety and the State of Texas are immune from suit. The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083, 1087 (5th Cir. 1994).

C.     Freedom of Information Act

Plaintiff's claim under the Freedom of Information Act is frivolous, because that act only applies to documents under the control of federal agencies. See 5 U.S.C. § 552. In addition, Plaintiff is not entitled to the records he seeks under the Texas Open Records Act, because that act contains a provision allowing state agencies to refuse requests for documents from prisoners. See TEX. GOV'T CODE ANN. § 552.028.

D.     Constitutional Claims

Plaintiff contends the defendants violated his Fifth, Sixth and Fourteenth Amendment rights. However, Plaintiff does not provide any argument or legal authority to support his conclusional allegations. Nevertheless, Plaintiff's claim under the Fifth Amendment fails because Plaintiff sued a state actor. The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor. See Jones v. City of Jackson, 203 F.3d 875, 880 (5th Cir. 2000) ("the Fifth Amendment applies only to the federal government and its officers, and is therefore inapplicable to state actors").

The Court is uncertain as to basis of Plaintiff's claim under the Sixth Amendment. The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. CONST. amend VI. Plaintiff fails to provide any facts or argument to support a claim under the Sixth Amendment. Moreover, the defendants he sues in this case are not proper defendants with regard to a challenge to Plaintiff's Illinois conviction.

With regard to equal protection under the Fourteenth Amendment Plaintiff does not identify any similarly situated prisoners, nor did his allegations show he was intentionally treated differently from other prisoners absent a rational basis. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Vague and conclusional allegations that a prisoner's equal protection rights have been violated are insufficient to raise an equal protection claim. Pedraza v. Meyer, 919 F.2d 317, 318 n.1 (5th Cir. 1990). With regard to due process under this same amendment, Plaintiff lacks the necessary protected liberty interest in the records he seeks. See Christian v. Gourd, 213 F.3d 636 (5th Cir. 2000) (holding inmate did not have liberty interest in requested information thus he failed to show a violation of his due process rights when his request for a copy of his police report was denied).

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims against the State of Texas and the Texas Department of Public Safety be dismissed without prejudice for want of jurisdiction and Plaintiff's remaining claims be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e). It is

further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of April, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE